UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
COURT FILE NO.: CV - _____

| | |
|---|---|
| JEREMY PEACE,<br><br>          Plaintiff,<br>v.<br><br>FIRSTSOURCE ADVANTAGE, LLC,<br><br>          Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, as well as other state law tort claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since the acts occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4. The Plaintiff, Jeremy Peace (hereinafter "Plaintiff,"), is a natural person residing in the City of Paris, County of Bourbon, Commonwealth of Kentucky, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. The Defendant, Firstsource Advantage, LLC (hereinafter "Defendant"), is a for-profit limited liability company organized and existing under the laws of the State of New York,

with its principal place of business located at 205 Bryant Woods South, Amherst, NY 14228, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant, in its regular course of business, collects or attempts to collect debts alleged to be due another. According to the records of the Kentucky Secretary of State, the Defendant may be served through its registered agent, CT Corporation System, at 306 W. Main Street, Suite 512, Frankfort, KY 40601.

6. At all times herein, any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8. The Plaintiff, a married man with two young children, was employed in the computer repair business, working full time, until July 2011 when Plaintiff encountered major health emergency requiring surgery and recuperation.

9. In August 2011, the Plaintiff underwent surgery again and was unable to work as a result of the health problems and surgery.

10. The Plaintiff allegedly incurred and later allegedly defaulted on a debt to Capital One Bank (USA), N.A., for which the Plaintiff was the sole cardholder and signatory on the account. Said alleged debt is hereinafter referred to as "the subject debt."

11. The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

12. Upon information and belief, Capital One employed Defendant in order to attempt to collect payment on the subject debt.

13. The amount of the alleged debt as stated in a May 21, 2012 notice to Plaintiff was $5,932.37.

14. Beginning on or about May 18, 2012, the Defendant placed the following telephone calls in an attempt to collect the alleged debt:

    i. On May 18, 2012 at 7:12 p.m., Defendant's employee, David Zimmerman, called Plaintiff and spoke with Plaintiff at which time the Plaintiff advised Zimmerman that Plaintiff and his wife would discuss what they could afford for a payment plan to pay off the alleged debt, and Defendant provided the Plaintiff with his contact information and phone number, (716) 564-4905;

    ii. On May 18, 2012, a phone call placed to Plaintiff's father-in-law's home telephone number.

    iii. On May 18, 2012, a phone call placed to Plaintiff's father's cell phone;

    iv. On May 18, 2012, a phone call placed to Plaintiff's wife's cell phone;

    v. On May 18, 2012, a phone call was placed to brother's Cell phone;

    vi. On May 22, 2012, two phone calls were placed to Plaintiff;

    vii. On May 23, 2012, a phone call placed to Plaintiff;

    viii. On May 24, 2012, a phone call placed to Plaintiff's brother's cell phone regarding a "legal matter";

    ix. On May 24, 2012, David Zimmerman placed a phone call to Plaintiff's brother-in-law's cell phone, leaving a voicemail message; and

    x. On May 24, 2012, a phone call placed to Plaintiff's sister-in-law's cell phone.

15. Prior to leaving each of the nine voice messages left between May 18 and May 24, 2012 to the Plaintiff's family members, Defendant had been informed that it had reached the Plaintiff.

16. The debt collection calls were placed by David Zimmerman, Defendant's agent and/or employee.

17. The Defendant placed the third party calls after having spoken with the Plaintiff and the third party calls were placed for purposes other than obtaining contact information for the Plaintiff.

18. The Plaintiff's health had stabilized; however, as a result of the barrage of telephone calls by Defendant to the Plaintiff and Plaintiff's family members, the Plaintiff became upset, worried, nervous, anxious, stressed, and otherwise suffered from extreme emotional distress.

19. As a direct result of the Defendant's actions, the Plaintiff required medical treatment for the stress and emotional distress caused by Defendant's numerous harassing telephone calls.

20. At no time did the Plaintiff consent to the Defendant communicating with third-parties.

21. The Defendant repeatedly failed to provide the Plaintiff and the Plaintiff's family members with disclosures required by 15 U.S.C. § 1692e(11) during the parties' shared telephone calls.

22. The Defendant repeatedly failed to provide the Plaintiff with meaningful disclosure of Defendant's true identity when placing telephone calls to Plaintiff and Plaintiff's family members.

23. All of the aforementioned threats and/or representations were false, deceptive and/or abusive.

24. The Defendant's acts are direct violations of the FDCPA .

25. The Defendant should be enjoined from committing similar violations in the future.

## TRIAL BY JURY

26. The Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. Amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to:

    - Misleading the Plaintiff and the Plaintiff's family into believing the communication was from a legal entity (§ 1692e(3));

    - Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§ 1692e(5));

    - Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt (§ 1692e);

    - Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d);

    - In connection with an attempt to collect an alleged debt from Plaintiff, Defendant contacted and threatened to contact third parties for purposes other than obtaining location information (§§ 1692b & 1692c(b));

- In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§§ 1692b(1) & 1692c(b));

- Communicating with third parties on numerous occasions in an attempt to collect an alleged debt from Plaintiff without being asked to do so (§ 1692b(3));

- Failing to inform the consumer that the communication was an attempt to collect a debt (§ 1692e(11));

- Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§§ 1692b(2) & 1692c(b));

- Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§§ 1692b(3) & 1692c(b)); and

- Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

29. As a result of Defendant's violations as aforesaid, the Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, nervousness, worry, and emotional distress.

30. As a result of Defendant's violations as aforesaid, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); actual and compensatory damages; and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

33. The Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

34. The Defendant intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

35. The Plaintiff had a reasonable expectation of privacy of solitude, seclusion, and or private concerns or affairs.

36. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

37. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

38. All acts of Defendant and its agents and/or employees were committed with malice, intent wantonness, and/or recklessness and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

- for such other and further relief as may be just and proper.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages against Defendant for Plaintiff's emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial;

- for an award of punitive damages; and

- for such other and further relief as may be just and proper.

Done and filed this 10th day of October, 2012.

Respectfully Submitted,

BRIAN T. CANUPP, PSC

_/s/ Brian T. Canupp_____
Brian T. Canupp,
322 Main Street
Paris, Kentucky 40361
859-988-9658
Brian@Canupplaw.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF KENTUCKY    )
                     ) ss
COUNTY OF _____ )

Jeremy Peace, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Jeremy Peace

Subscribed and sworn to before me
this _____ day of _____, 2012.

```
Wet ink copy of affidavit is
maintained in the file of Plaintiff's
counsel.
```

_____
Notary Public